IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| Teah Mays, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-cv-03026 |
| ) | |
| Luke Schiller, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Teah Mays' ("Plaintiff") Motion for Leave to Proceed *in forma pauperis* (d/e 2) and Motion to Request Counsel (d/e 3). For the following reasons, Plaintiff's Motions (d/e 2, 3) are DENIED as moot, and the Complaint (d/e 1) is DISMISSED with prejudice as frivolous.

Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees if the movant "submits an affidavit that includes a statement of all assets [s]he possesses [showing] that [s]he is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Furthermore, Section 1915(e)(2) requires careful threshold scrutiny of the complaint filed

by an *in forma pauperis* (IFP) plaintiff. However, the Court must dismiss any complaint if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see also Hoskins v. Pelstra, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). As a result, prior to addressing Plaintiff's Motion for Leave to Proceed IFP (d/e 2) and Motion to Request Counsel (d/e 3), the Court examines Plaintiff's Complaint (d/e 1).

A *sua sponte* dismissal of a pro se IFP complaint as frivolous is appropriate under 28 U.S.C. § 1915(d) if "the petitioner can make no rational argument in law or facts to support his [or her] claim for relief." Jones v. Morris, 777 F.2d 1277, 1279–80 (7th Cir. 1985); see also Neitzke v. Williams, 490 U.S. 319, 328 (1989) (noting that a court can dismiss complaints that describe "fantastic or delusional scenarios"). "A claim is factually frivolous if its allegations are bizarre, irrational or incredible." Edwards v. Snyder, 478 F.3d 827, 829 (7th Cir. 2007). A court assessing dismissal of a claim under §

1915(d) "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." Denton v. Hernandez, 504 U.S. 25, 32 (1992). A court in its discretion can "pierce the veil" of the alleged facts and dismiss claims for factual frivolousness. Neitzke, 490 U.S. at 327.

Plaintiff's action fails to state a nonfrivolous claim. Plaintiff filed this action against Luke Schiller, Ryan Schiller, and Melissa Schiller (collectively, "Defendants") alleging that they participated in implanting a cloning chip in Plaintiff's brain, violated the Americans with Disabilities Act and the Federal Tort Claim Act, her freedom of privacy, freedom of speech, and right to religion. See d/e 1, pp. 4, 6. Plaintiff claims "Luke [and] Ryan put a cloning device in my brain without authorization" and "br[oke] in[to] my home and install[ed] cameras and audio throughout my house[.]" Id. at p. 6. Plaintiff further alleges that "Luke reactivated my MS and brought it out of remission" and that he "for[ged] [e]r[r]oneous info on my medical records and sen[t] them out unauthorized to people to not help me. He even sent them to the FBI and NAACP[.]" Id. at p. 3. She also alleges that she contacted Kwame Raul, the Illinois

Attorney General, and "Luke contacted Kwame and tried to bribe him with 50,000 and Kwame knew then I was telling the truth and warned Luke not to try it again[.]" Id. She also alleges that she "was threatened never to go back to Memorial Healthcare or [she] would be killed[.]" Id. at p. 5.

Plaintiff's allegations are "bizarre, irrational[, and] incredible." Edwards, 478 F.3d at 829; see, e.g. Fillmer v. Claims Unit Division of Risk Mgmt., No. 4:23-cv-04183-SLD-JEH, 2024 WL 84188 (C.D. Ill. Jan. 8, 2024) (dismissing a case as factually frivolous where plaintiff alleged he was subjected to surveillance and harassment by government agents appearing as voices in his head); Armstrong v. U.S. Fed. Gov't, No. 4:23-cv-04139-SLD-JEH, 2023 WL 7005376 (C.D. Ill. Oct. 24, 2023) (dismissing a case as factually frivolous where plaintiff alleged that he was a victim of mind control that caused him to commit acts and caused incidents to happen to him); Moore v. Roth, Nos. 90 C 1097, 90 C 1098, 90 C 1099, 90 C 1163, 90 C 1179, 90 C 1183, 90 C 1207, 90 C 1210 and 90 C 1248, 1990 WL 60735, at *1 (N.D. Ill. April 24, 1990) ("[a]llegations that some government official has installed radiation devices in a plaintiff's . . . brain . . . are clearly in the realm of the delusional.").

Accordingly, Plaintiff's action (d/e 1) is DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) as it is frivolous. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (d/e 2) and Motion to Request Counsel (d/e 3) are DENIED as moot.  The Court DIRECTS the Clerk to close the case and enter judgment accordingly.

**IT IS SO ORDERED.**
**ENTERED:  March 25, 2024.**
**FOR THE COURT**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**